10028

BARRY v. GREGORY.

(96 S. E. 371.)

BILLS AND NOTES—BONA FIDE HOLDER—EVIDENCE.—Where one suing on a note alleged that he was purchaser for value before maturity, without notice, and introduced evidence to so show, verdict should have been directed for plaintiff, where defendant introduced circumstantial evidence of third parties tending to show that some one else claimed the note, after some instalments were due, but no direct evidence to that effect.

Before FRANK B. GARY, J., Chesterfield, Fall term, 1913. Reversed.

Action by H. D. Barry against T. S. Gregory. Judgment for defendant, and plaintiff appeals.

*Messrs. Hanna & Hunley,* for appellant, cite: *As inadmissibility in evidence of a person not shown to have been the agent or attorney of the party against whom they are offered:* 25 S. C. 151; 58 S. C. 210; 32 S. C. 547.

*Messrs. Stevenson & Prince,* for respondent (no citations).

July 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on a negotiable note. The plaintiff alleged that he was a purchaser for value before maturity without notice. The plaintiff was in possession of the note at the time of the trial. The defendant admitted the execution of the note, but denied that the plaintiff purchased the note before maturity, and undertook to set up defenses. The plaintiff introduced evidence to show that he was purchaser for value without notice and before maturity. The defendant was allowed to introduce evidence of third parties which tended to show that some one else claimed the note, after some installments were due. There were only inferences from circumstances, but no direct evidence.

At the conclusion of the testimony, the plaintiff moved for a direction of a verdict. This was refused. There are quite a number of cases (too numerous to mention), in the last few years, that show that the plaintiff was entitled to a direction of the verdict in his behalf.

The judgment is reversed, but without costs of appeal, as no attempt has been made to comply with the rule.